UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                          Criminal No. 04-CR-50076

vs.                                                                   HON. BERNARD A. FRIEDMAN

DWAYNE ANTHONY CANNON,

    Defendant.
_____/

**<u>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION</u>**

Defendant has filed a motion for reconsideration of the court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The government has filed a response opposing the motion. For the following reasons, the court shall deny the motion.

In February 2005 defendant pled guilty as charged to Counts 1, 2 and 3 of the indictment charging him, respectively, with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The plea agreement capped defendant's sentence at "the midpoint of the applicable guideline range" and permitted defendant to withdraw his plea "should the sentence imposed exceed 18 years."

At the sentencing hearing, the court explained its calculation of defendant's offense level as follows:

> On December the 8th, the search warrant was executed at 2530 Mt. Elliott in Flint. You were stopped at the exit of that location in a vehicle. You were detained and returned to the Mt. Ellioitt house. And located within a bedroom of the house were a .9 millimeter handgun with ammunition, a .38 caliber revolver, loaded, $1150 in

> cash, a package of crack cocaine and miscellaneous documents pertaining to yourself as the resident of that house. And elsewhere in that house police located additional crack cocaine and a digital scale and a total of in excess of thirty-six gram[s] of cocaine base, commonly referred to as crack cocaine was seized.
>
> You end up with a base offense level of thirty because of the thirty-five to fifty grams of crack cocaine being involved in this matter. You accepted responsibility for your offense here and therefore a three level reduction is appropriate. But there's also an enhancement since you have two prior convictions for controlled substance offenses or crimes of violence and therefore you meet the criteria of being a career offender. And as the statutory maximum period is life imprisonment, the offense level becomes thirty-seven. Minus three levels for your acceptance of responsibility for a total offense level of thirty-four.

Sentencing Tr. 12-13. Regarding defendant's criminal history category, the court noted that defendant's extensive criminal history

> results in eleven criminal history points. Which places you in a criminal history category of five. But again, since you meet the criteria for being a career offender, the criminal history category of five becomes six.

*Id.* at 14.

The court noted that under the sentencing guidelines an offense level of 34 and a criminal history category of six yields a sentencing range of 262-327 months, the mid-point of which is 294 months. *See id.* at 17-18. The court also noted that the felon-in-possession charge carries a mandatory statutory 60-month sentence, which had to be imposed consecutively. *See id.* at 18. The court granted defendant's motion for downward departure because one of his prior convictions, i.e., for "prison escape," overstated the severity of that offense. *See id.* at 19. Noting that the guidelines are advisory and that a downward departure was warranted in any event, the court sentenced defendant to 156 months on count one, 120 months on count two (to be served concurrently), and

60 months on count 3 (to be served consecutively). *See id.* at 20. The total custodial sentence was therefore 216 months, or 18 years, the maximum permitted under the plea agreement.

In the motion now before the court, defendant seeks reconsideration of the order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the United States Sentencing Guidelines which reduced the base offense levels applicable to crack cocaine offenses.[1] Defendant acknowledges at page six of his motion "[i]t is now clearly established that a defendant may not obtain a reduction under 18 U.S.C. § 3582(c)(2) where the sentence was 'based on' a guideline range applicable to a career offender under § 4B1.1." Nonetheless, defendant argues that he is eligible for a reduction because "the sentence actually imposed clearly was 'based on' the drug guidelines much more than upon the career offender guidelines." Def.'s Mot. at 6-7.

Defendant's position is not supported by the record or the case law. As noted above, the court clearly indicated at the sentencing hearing that "you meet the criteria of being a career offender" and that therefore defendant's base offense level was 37, not 30 (the base offense level that would have applied under the drug quantity table). The court went on to calculate defendant's guideline range using both (1) the higher offense level, not the lower offense level that would have applied in the absence of the career offender designation, and (2) the higher criminal history category applicable to career offenders. In addition to clearly designating defendant as a career offender, the court also stated at the hearing that "[q]uite frankly, I think that the sentence at the –

---

[1] Under the guidelines in effect when defendant was sentenced, the "drug quantity table" yielded a base offense level of 30 because defendant was responsible for between 35 and 50 grams of cocaine base. *See* U.S.S.G. § 2D1.1(c)(5) (2004). Under the drug quantity table as amended by Amendment 706, the same quantity of cocaine base yields a base offense level of 28. *See* U.S.S.G. § 2D1.1(c)(5) (2007).

at the midpoint of your guideline range would be appropriate." Tr. at 19. As noted, the midpoint at issue was 294 months, i.e., the midpoint of the 262-327 month range applicable to an offense level of 34 and a criminal history category of VI, dictated by defendant's career offender designation.

The Sixth Circuit has clearly held that "a district court may not grant a motion for a reduction in sentence premised upon Amendment 706 if the defendant seeking the reduction was originally sentenced as a career offender." *United States v. Perdue*, 572 F.3d 288, 292 (6th Cir. 2009). In *Perdue*, defendant pled guilty to possessing crack cocaine with intent to distribute. While defendant's base offense level under the drug quantity table was 32, he "was deemed a career offender under U.S.S.G. § 4B1.1" and this led to "an adjusted offense level of 37, with an accompanying criminal history category of VI." *Id.* at 290. The court made a three-level reduction for acceptance of responsibility and a five-level reduction for substantial assistance, resulting in a total offense level of 29. This offense level, combined with defendant's criminal history category of VI, dictated a guideline range of 151-188 months. Defendant was sentenced at the bottom of this range. *See id.*

The district court denied defendant's motion for a § 3582(c)(2) sentence reduction on the grounds that Amendment 706 did not apply in his case because he had been sentenced as a career offender. *See id.* The court of appeals affirmed on the grounds that "Amendment 706 has no effect on the ultimate sentencing range imposed on Perdue under the career-offender Guideline, ..." *Id.* at 293. In other words, "'Perdue's sentence was based on the guideline ranges applicable to career offenders under § 4B1.1. The alternative base offense level under [the drug quantity table at] § 2D1.1 ultimately did not affect the calculation of the sentencing range under the career offender classification, § 4B1.1.'" *Id.*, quoting the district court's opinion.

4

The present case is indistinguishable from *Perdue*. In both cases, the court designated defendant as a career offender and calculated his guideline range on this basis.[2] While defendant's sentence of 216 months was less than the bottom of this range (262-327), this was due to the fact that the plea agreement capped the sentence at 216 months. Just as in *Perdue*, Amendment 706 is inapplicable in the present case because the reduction in the offense level for crack cocaine offenses has no effect on a sentence imposed upon a defendant who was designated at sentencing as a career offender and whose guideline range was calculated on this basis. Accordingly,

IT IS ORDERED that defendant's motion for reconsideration is denied.

Dated: October 23, 2009          s/Bernard A. Friedman
                                 Bernard A. Friedman
                                 United States District Judge

---

[2] This fact distinguishes both *Perdue* and the present case from those cited by defendant. In *United States v. Allen*, 2009 WL 1585793 (S.D. Ohio 2009), the court specifically *declined* to designate defendant as a career offender, because doing so would "substantially over-represent[] Defendant's criminal history" and therefore the court "used its discretion under *Booker* and § 3553(a) to find that applying the career offender guideline range in Defendant's case would be unreasonable." *Id.* at **1-2. Instead, "Defendant's guideline range was . . . 'based on' the guideline range derived from the Drug Quantity Table, not the career offender guideline provisions." *Id.* at *4.

Similarly, in *United States v. McGee*, 553 F.3d 225, 225 (2nd Cir. 2009), the defendant "at sentencing was designated a career offender but granted a departure so that he was ultimately sentenced based on the crack cocaine (cocaine base) guidelines." Likewise, in *United States v. Poindexter*, 550 F. Supp.2d 578, 579 (E.D. Pa. 2008), the sentencing court "found that 'career offender status overrepresents the total offense level in this case' and departed downward from level 34 to level 27." And in *United States v. Clark*, 2008 WL 2705215, at *1 (W.D. Pa. July 7, 2008), the sentencing judge "departed from the initial guidelines range of 262 to 327 months imprisonment to a range of 151 to 188 months imprisonment, based on his determination that defendant's career offender status substantially overstated the seriousness of his criminal record."

      I hereby certify that a copy of the foregoing document was served upon counsel of record on October 23, 2009, by electronic and/or ordinary mail.

                                        s/Carol Mullins
                                        Case Manager