UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                  Criminal No. 04-CR-50076

vs.                                         HON. BERNARD A. FRIEDMAN

DWAYNE ANTHONY CANNON,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION
## FOR SENTENCE REDUCTION PURSUANT TO THE FIRST STEP ACT

This matter is presently before the Court on defendant's motion for sentence reduction pursuant to the First Step Act of 2018 [docket entry 51]. The government has filed a response in opposition, and defendant has replied. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide this motion without a hearing.

In December 2004, defendant was named in a three-count indictment. Count One charged him with "possess[ion] with intent to distribute 5 or more grams of cocaine base in the form of crack," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). This count further alleged that defendant "committed this offense after prior convictions in Genesee County Circuit Court for felony drug offenses had become final; that is, a 1993 conviction for Possession with Intent to Deliver Cocaine and a 1999 conviction for Possession of Cocaine."

Count Two charged defendant with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). This count alleged that defendant possessed a pistol and a revolver after "having been convicted in Genesee County Circuit Court in the State of Michigan in 1993 of Possession with Intent to Deliver Cocaine, in 1999 of Possession of Cocaine,

and in 2000 of Prison Escape."

Count Three charged defendant with possession of firearms in furtherance of drug trafficking crime, in violation of 18 U.S.C. § 924(c), based on the allegation that he possessed the two firearms alleged in Count Two "in furtherance of the drug trafficking crime of possession with intent to distribute cocaine as described in count one."

The indictment also contained the following paragraph:

ALLEGATIONS PERTAINING
TO THE UNITED STATES SENTENCING GUIDELINES (USSG)

It is further alleged that as to count one of this indictment, the defendant is responsible for at least 35 grams of cocaine base resulting in a base offense level of 30 under USSG §§ 2D1.1(c)(5) and 1B1.3; and that [defendant] possessed dangerous weapons, specifically firearms, within the meaning of USSG § 2D1.1(b)(1).

Two days after the indictment was returned, the government filed the following document entitled "Penalty Enhancement Information":

Notice is hereby given that in the event of conviction the defendant is facing the following penalties due to his 1993 felony drug conviction for possession with intent to deliver cocaine and 1999 felony drug offense conviction for possession of cocaine, both in Genesee County Circuit Court in the State of Michigan:

As to count one, mandatory imprisonment for 10 years to life followed by a supervised release term of at least 8 years and a fine of up to $2,000,000.

As to count two, imprisonment for up to 10 years followed by a supervised release term of up to 3 years and a fine of up to $250,000.

As to count three, imprisonment for a mandatory term of 5 years consecutive to any other sentence followed by a supervised release term of up to three years, no probation and a fine of up to $250,000.

2

All pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851.

In February 2005, defendant entered into a Rule 11 Plea Agreement in which he agreed to plead guilty to Counts One, Two, and Three. Defendant stipulated that he had three prior felony convictions as alleged in Count Two and that

> [a]s of December 8, 2004, the defendant resided at 2530 Mt. Elliot Avenue, Flint, Michigan. He had over 35 grams of crack cocaine in that house which he intended to distribute (sell). In addition, located near the crack cocaine were a Steyr 9mm semi-automatic pistol and a Smith and Wesson .38 caliber revolver. These firearms were possessed by the defendant to provide defense and deterrence in furtherance of the drug trafficking. The firearms were produced outside the state of Michigan.

Plea Agreement ¶ 1C. Regarding imprisonment, the agreement states:

> Pursuant to Rule 11(c)(1)(C), the government agrees that a sentence of no more than <u>the mid-point of the sentencing guideline range that the court finds to be applicable</u> is an appropriate disposition of the case. However, defendant is aware that a ten-year statutory minimum is applicable to count one and a five-year consecutive statutory term is required for count three, resulting in a 15-year mandatory prison terms.

*Id.* ¶ 2A (emphasis in original). The parties also indicated that "[t]he attached worksheets represented the stipulation of the parties with respect to all of the sentencing guideline provisions that they believe apply in this case (including any grounds for departure)."[1] *Id.* ¶ 3A. Finally, the agreement states that "[i]f the court wishes to order a sentence exceeding 18 years (total), defendant may withdraw the guilty pleas." *Id.* ¶ 3B.

---

[1] On these worksheets, the parties agreed that the base offense level for the drug charges was 30, based on "35 to less than 50 grams of cocaine base in the form of crack," Worksheet A, but that because defendant is a "career criminal," his offense level was 34 and his criminal history category was VI. Worksheet D. With an offense level of 34 and a criminal history category of VI, the parties agreed that defendant's guideline range was 262 to 327 months' imprisonment.

3

At the sentencing hearing, the Court noted defendant's guideline range of 262 to 327 months' imprisonment and that the midpoint of this range was 294 months. Sentencing Hr'g Tr. at 18. The Court found that a sentence "at the midpoint of your guideline range would be appropriate." *Id.* at 19. However, in order not to exceed the 18-year (216-month) limit that would have permitted defendant to withdraw his plea, the Court sentenced defendant to 156 months on Count One, 120 months on Count Two (to be served concurrently) and sixty months on Count Three (to be served consecutively), for a total of 216 months. *Id.* at 19-20. The Court commented that defendant's "record in this matter and the offenses you've committed over the years really would have justified a much more severe sentence." *Id.* at 23.

In December 2007 and April 2008, defendant filed motions to reduce his sentence based on Amendment 706 to the sentencing guidelines, which reduced the base offense levels applicable to crack cocaine offenses. The Court denied these motions in August 2009, and defendant filed a motion for reconsideration. In October 2009, the Court denied the motion for reconsideration for the following reasons:

> As noted above, the court clearly indicated at the sentencing hearing that "you meet the criteria of being a career offender" and that therefore defendant's base offense level was 37, not 30 (the base offense level that would have applied under the drug quantity table). The court went on to calculate defendant's guideline range using both (1) the higher offense level, not the lower offense level that would have applied in the absence of the career offender designation, and (2) the higher criminal history category applicable to career offenders. In addition to clearly designating defendant as a career offender, the court also stated at the hearing that "[q]uite frankly, I think that the sentence at the – at the midpoint of your guideline range would be appropriate." Tr. at 19. As noted, the midpoint at issue was 294 months, i.e., the midpoint of the 262-327 month range applicable to an offense level of 34 and a criminal history category of VI, dictated by defendant's career offender designation.
> The Sixth Circuit has clearly held that "a district court may

4

> not grant a motion for a reduction in sentence premised upon Amendment 706 if the defendant seeking the reduction was originally sentenced as a career offender." *United States v. Perdue*, 572 F.3d 288, 292 (6th Cir. 2009). In *Perdue*, defendant pled guilty to possessing crack cocaine with intent to distribute. While defendant's base offense level under the drug quantity table was 32, he "was deemed a career offender under U.S.S.G. § 4B1.1" and this led to "an adjusted offense level of 37, with an accompanying criminal history category of VI." *Id*. at 290. The court made a three-level reduction for acceptance of responsibility and a five-level reduction for substantial assistance, resulting in a total offense level of 29. This offense level, combined with defendant's criminal history category of VI, dictated a guideline range of 151-188 months. Defendant was sentenced at the bottom of this range. *See id.*
>
> The district court denied defendant's motion for a § 3582(c)(2) sentence reduction on the grounds that Amendment 706 did not apply in his case because he had been sentenced as a career offender. *See id.* The court of appeals affirmed on the grounds that "Amendment 706 has no effect on the ultimate sentencing range imposed on Perdue under the career-offender Guideline, . . ." *Id*. at 293. In other words, "'Perdue's sentence was based on the guideline ranges applicable to career offenders under § 4B1.1. The alternative base offense level under [the drug quantity table at] § 2D1.1 ultimately did not affect the calculation of the sentencing range under the career offender classification, § 4B1.1.'" *Id*., quoting the district court's opinion.
>
> The present case is indistinguishable from *Perdue*. In both cases, the court designated defendant as a career offender and calculated his guideline range on this basis. While defendant's sentence of 216 months was less than the bottom of this range (262-327), this was due to the fact that the plea agreement capped the sentence at 216 months. Just as in *Perdue*, Amendment 706 is inapplicable in the present case because the reduction in the offense
> level for crack cocaine offenses has no effect on a sentence imposed upon a defendant who was designated at sentencing as a career offender and whose guideline range was calculated on this basis.

Order Den. Def.'s Mot. for Recon. at 3-5 (PageID.119-21) (footnote omitted).

In the instant motion, defendant argues that his sentence should be reduced under the

First Step Act because

5

> under the current guidelines and Sixth Circuit law, he is not a career offender. His guideline range for the drug offense is now 27-33 months,[1] and he is still subject to 60 consecutive months for his gun possession offense. . . . [W]e ask the Court to grant Mr. Cannon's motion and to resentence him to no more than 33 months on Count One. This sentence would result in Mr. Cannon's immediate release.
>
> _____
> [1] His adjusted offense level is now 12 (base offense level 14-2 points for acceptance of responsibility) and a criminal history category V.

Def.'s Mot. for Sentence Reduction at 2.

Defendant's motion is denied. Defendant was sentenced as a career offender and this designation would still be applied if defendant were sentenced today. Under USSG § 4B1.1, a defendant is a career offender if (1) he was at least eighteen years old at the time he committed the instant offense, (2) the instant offense is a felony that is a crime of violence or a controlled substance offense, and (3) defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." Defendant meets all three of these criteria. As to the third criterion, defendant had two prior felony controlled substance convictions from 1993 and 1999, as the Court noted at sentencing and as the parties stipulated on Worksheet C that they attached to the plea agreement.

A career offender's offense level is determined by the maximum statutory penalty for the offense for which he is being sentenced. In the present case, defendant was charged in Count One with possession of cocaine with intent to distribute. When the offense involves 28 grams or more of cocaine base, and when the defendant has a prior drug or violent felony conviction, the penalty is up to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). The guidelines assign an offense level of 37 when the statutory maximum is life. In defendant's case, three points were subtracted for acceptance of responsibility, resulting in an offense level of 34. The same guideline provision

dictates a criminal history category of VI. This is the calculation that applied, and still applies, in this case, and which resulted in a guideline range of 262 to 327 months' imprisonment.

Defendant argues that his offense level should be measured by the quantity of cocaine base that is alleged in the indictment (5 grams), not the amount to which the parties stipulated in their plea agreement (35 grams). The parties cite conflicting case authority as to which amount controls for First Step Act purposes, but the issue is moot in the present case because defendant's sentence would not be changed even if the lower amount is used.[2] The maximum statutory penalty for possessing less than 28 grams of cocaine base is thirty years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(c). Under USSG § 4B1.1(b), the offense level for a career offender is 34 if the maximum statutory penalty is "25 years or more." If three points are subtracted for acceptance of responsibility, defendant's adjusted offense level would be 31. His criminal history category would remain unchanged at VI.[3] *See* USSG § 4B1.1(b). This would yield a guideline range on Count One of 188 to 235 months. Defendant was sentenced to 156 months, well below the bottom of this range

---

[2] Even if the issue were not moot, there is nothing unfair in the present case with holding defendant responsible for more than five grams of cocaine base. The higher amount ("at least 35 grams of cocaine base") is alleged in the indictment. Defendant admitted in ¶ 1C of the plea agreement that "[h]e had over 35 grams of crack cocaine in that house which he intended to distribute (sell)." The presentence report, to which defendant did not object, notes that police officers who searched defendant's house seized "[a] total of 36.0662 grams of cocaine base (crack cocaine)." And at sentencing, the Court reiterated – without objection from defendant – that "police located . . . a total of in excess of thirty-six gram[s] of cocaine base." Under these circumstances, defendant was properly sentenced based on his possession with intent to sell over 35 grams of cocaine base, not just the five grams alleged in Count One of the indictment.

[3] Defendant errs in asserting that he is not a career offender because his conviction for prison escape cannot be counted as a crime of violence. *See* Def.'s Mot. at 10-11. The prison escape conviction is a red herring. The career offender provision of the guidelines applies to defendant because he has two prior felony drug convictions, as he conceded on Worksheet C that is attached to the plea agreement.

7

and far below the mid-point (211.5 months).

Moreover, relief under the First Step Act is discretionary, *see United States v. Boulding*, 379 F. Supp. 3d 646 (W.D. Mich. 2019) ("Whether to reduce the sentence of an eligible defendant is left to the sentencing court's discretion. *Id*. at § 404(c). No reduction is required."), as defendant acknowledges at page 4 of his motion. Even assuming that the current penalties for defendant's drug offense are lower now than when defendant was indicted, the Court would not reduce his sentence. As the Court noted at the sentencing hearing, a 294-month sentence would have been appropriate in light of defendant's criminal history and the seriousness of the gun and drug crimes to which he pled guilty. The Court sentenced defendant to 216 months only because that was the maximum permitted under the plea agreement. The Court stated openly that "a much more severe sentence" was warranted. Under these circumstances, the Court is not inclined to exercise any discretion it may have to reduce defendant's sentence. Accordingly,

IT IS ORDERED that defendant's motion for sentence reduction is denied.

Dated: July 2, 2019  
     Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE